UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
DAFNEY CREWS,                       )
                                    )
            Plaintiff,              )
                                    )
     v.                             )     Civil Action No. 12-1362 (RWR)
                                    )
NIANI DIXON, *et al.*,              )
                                    )
            Defendants.             )
_____ )

## MEMORANDUM OPINION

In the Superior Court of the District of Columbia, plaintiff filed a Complaint which, in its entirety, stated:

> I dont [sic] want Niani Dixon to come to 1302 Morris Rd[.] SE[.] Mr[.] Jerry Crews do not live at this address[.]   On 8/10/12 Mr. Crews say he live in Maryland with her[.]  I . . . asked for a TPO [sic] and I dont [sic] feel safe[.]   I dont [sic] want her to call or come by[.]

Compl.  Defendant Niani Dixon removed the action to the Court on August 20, 2012, and on August 28, 2012, she filed under Federal Rule of Civil Procedure 12(b)(1), (6) a motion to dismiss the complaint.  The Court advised the plaintiff of her obligations under the Federal Rules of Civil Procedure and the local rules of this Court to respond to the motion, and specifically warned plaintiff that, if she did not respond to the motion by September 27, 2012, the Court may treat the motion as conceded.  The plaintiff has neither filed an opposition to the motion nor requested more time to do so.  Accordingly, the Court will grant defendant Dixon's motion as conceded.

In addition, the Court *sua sponte* will dismiss the complaint as to defendant Jerry Crews.  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570(2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556).  Because the complaint neither alleges misconduct nor makes any demand for relief as to defendant Crews, it fails to state a claim upon which relief can be granted and, therefore, it must be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

An Order accompanies this Memorandum Opinion.


SIGNED this 21st day of December, 2012.


                                                     /s/
                                       RICHARD W. ROBERTS
                                       United States District Judge